Ben Alke
Haley Ford
CRIST, KROGH, ALKE & NORD, PLLC
2708 1st Avenue North, Suite 300
Billings, MT 59101
Telephone:  (406) 255-0400
Facsimile:  (406) 255-0697
Email:  balke@cristlaw.com
          hford@cristlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| LEE ARNOLD and HEIDI ARNOLD, | |
| | Case No. CV 19-061-BU-BMM-KLD |
| Plaintiffs, | |
| | |
| vs. | **BRIEF IN SUPPORT OF MOTION TO REMAND** |
| | |
| ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, KESTREL LEASING, LLC and CAL ARNOLD, | |
| | |
| Defendants. | |

Plaintiffs Lee and Heidi Arnold file this brief in support of *Plaintiffs' Motion to Remand* (January 7, 2019).

///

## INTRODUCTION

This case arises from a small airplane crash. Plaintiff Lee Arnold was a passenger in a plane piloted by his brother, Defendant Cal Arnold, and owned by Defendant Kestrel Leasing, LLC. Defendant Allianz Global Risks US Insurance Company ("Allianz") insured the plane and pilot.

Lee and Cal survived with severe injuries and are still recovering. Plaintiffs' claims against Kestrel and Cal have not be filed or resolved.

In the meantime, Allianz refused to pay Lee's medical expenses. Plaintiffs filed this action in state court to vindicate their rights and determine insurance limits. *See* Doc. 6.

This case does not involve any federal questions and there is no diversity of citizenship. Allianz removed, contending that Kestrel and Cal were fraudulently joined, even though Montana law requires:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration[.]

Section 27-8-301, MCA. As the insureds, Kestrel and Cal have an interest in the amount of insurance available and must be parties as a matter of law.

Plaintiffs respectfully request that the Court remand this matter. An award of fees and costs associated with removal is also appropriate.

## BACKGROUND

### I.   LEE ARNOLD SUFFERED SEVERE INJURIES IN A PLANE CRASH.

Lee and Heidi Arnold are husband and wife. Doc. 6 at ¶ 6. They have one child, Oakley, who is now seven months old. *See id.* at ¶ 16. Lee and Cal Arnold are brothers. *Id.* at ¶ 7. Cal has his pilot's license. *Id.* at ¶ 8. He owns Kestrel, a company which owned a Cessna C-180 airplane. *Id.* Allianz issued an aircraft insurance policy to Kestrel, which insured the Cessna C-180 and any pilots. *See id.* at ¶ 9.

On January 2, 2019, Lee rode with Cal in the Cessna C-180 from Bozeman to Townsend. *Id.* at ¶ 10. They planned to return that same day. *Id.* at ¶ 11. Shortly after taking off from Townsend, they began to fly over the Missouri River, heading back home. *Id.* The airplane struck a powerline a few miles outside of Townsend and crashed. *Id.* at ¶ 12.

Lee and Cal were stranded at the crash site for several hours with compound leg fractures, traumatic brain injuries, and other severe injuries. *Id.* at ¶ 13. Eventually, they were discovered by a utility

company employee investigating a power outage caused when the plane struck the powerline. *Id.*

Lee was flown to Benefis Hospital in Great Falls, where he underwent multiple surgeries and other procedures over the course of several weeks spent in the hospital. *Id.* at ¶ 14. Cal was flown to a hospital Salt Lake City, where he underwent multiple surgeries and other procedures during the several weeks he spent in the hospital. *Id.* at ¶ 15.

At the time of the accident, Lee's wife Heidi was four months pregnant with their first child. *Id.* at ¶ 16. Over the next few months, Lee was working hard to recover and fighting to keep his legs, Heidi took time off work to care for Lee while dealing with her own medical issues relating to pregnancy and stress, and the couple prepared to have their first child. *Id.* at ¶¶ 16, 17, 24.

They did not expect Allianz to refuse to comply with Montana law by withholding payment for medical expenses.

II.   **ALLIANZ REFUSED TO COMPLY WITH MONTANA LAW, EVEN AFTER BEING ADVISED OF ITS OBLIGATIONS UNDER *RIDLEY* AND *WINTER*, IN AN ATTEMPT TO LEVERAGE PLAINTIFFS.**

Allianz wasted little time reaching out of Plaintiffs in an effort to limit its liability. *Id.* at ¶ 19. On February 7, 2019, a little over one month after the accident, a claims adjuster contacted Lee. *Id.* Allianz represented that the plane was insured with a $1,000,000 policy, but that there was a $100,000 limit per passenger. *Id.* at ¶ 20. Allianz stated the $100,000 would apply to any claims made by Lee and that a release would be required to receive payment. *Id.* at ¶ 22.

Allianz did not accurately represent of the amount of insurance available. *Id.* at ¶ 23. Even Allianz has to concede its offer did not include an additional $5,000 in med pay insurance. *Id.* at ¶¶ 23, 27. Moreover, Lee responded that he was dealing with medical issues, such as the possible amputation of his leg, and was not in a position to agree that the $100,000 limit for passengers applied. *Id.* at ¶ 24.

Plaintiffs, through counsel, advised Allianz of Montana law regarding the requirement to pay for medical expenses that have been incurred pursuant to *Ridley v. Guaranty National Ins. Co.*, 286 Mont. 325, 951 P.3d 987 (1997) and *Winter v. State Farm Mutual Automobile*

*Ins. Co.*, 2014 MT 168, 375 Mont. 351, 328 P.3d 721. *Id.* at ¶ 25; *see* Exhibit 1 (letter without attachments).

Plaintiffs' medical bills were provided to Allianz as they became available. *Id.* at ¶ 26. Although Allianz wasted little time contacting Plaintiffs to offer payment in exchange for a release, Allianz did not act promptly when it received medical bills. *Id.* at ¶¶ 26–27, 31–34. When it did, Allianz did not pay the amount required by Montana law. *Id.* at ¶ 27. All told, it paid less than $15,000 in medical bills—after representing that the insurance policy required it to pay at least $100,000 per passenger. *Id.* at ¶¶ 22, 27.

On August 12, 2019, Plaintiffs provided Allianz with all the medical bills he had incurred at that time, amounting to $314,439.05. Exhibit 2 (letter without attachments). Lee also provided relevant medical records and photographs. *Id.* Allianz was advised, again, of its obligations under Montana law pursuant to *Ridley* and *Winter*.

Plaintiffs requested that Allianz respond by August 31, 2019, and advise whether it intended to fulfill its obligations under Montana law. *Id.* Allianz did not respond. Instead, on September 12, 2019, two weeks after the respond-by date, it "acknowledged" receipt of the request and

asked for a three-week extension to respond by October 4, 2019. Doc. 6 at ¶ 31. Again, Allianz did not respond by its self-imposed deadline. *Id*. at ¶ 32.

### III.   PLAINTIFFS FILE HAD TO FILE THIS CASE TO VINDICATE THEIR RIGHTS AND DETERMINE INSURANCE LIMITS.

Plaintiffs filed this action on October 30, 2019. Doc. 6. They requested a declaration that Allianz must pay for Lee's actual medical expenses because liability in the matter is reasonably clear.  *Id*. at ¶ 40. They also requested a declaration that the applicable limit under the policy is $1,000,000 and that, due to Allianz's bad faith refusal to pay amounts owed in order to influence settlement under other portions of the insurance policy, Allianz has waived any right to assert that the $100,000 per passenger limit  *Id*. at ¶¶ 42, 43.  They also brought a claim under Montana's Unfair Trade Practices Act against Allianz. *Id*. at ¶ 41. After Allianz was served, it paid some money that had been withheld. *See* Doc. 1, p. 3.

Plaintiffs have not resolved their claims against Kestrel or Cal Arnold. As the insureds, they have interest in the amount of insurance available to pay any claims on their behalf.  Accordingly, Plaintiffs were

required under Montana law to add Kestrel Leasing and Cal Arnold as defendants to this action.

### DISCUSSION

## I.    THIS CASE SHOULD BE REMANDED.

Plaintiffs are both residents of Montana. Defendants Kestrel Leasing and Cal Arnold are also Montana residents. Diversity jurisdiction does not exist and fraudulent joinder is inapplicable. This case must be remanded.

### A.    Standards governing remand

Under 28 U.S.C. § 1441(b), a defendant may "remove a civil action from state court to federal court based on diversity jurisdiction only if none of the properly joined defendants are citizens of the state on which the original action was filed." *Missouri United Sch. Ins. Council v. Lexington Ins. Co.*, No. 4:10CV130 RWS, 2010 WL 1254657, at *1 (E.D. Mo. Mar. 24, 2010). Allianz, as the party seeking removal, has the burden of establishing federal jurisdiction. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). However, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska*

*Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

B.   **Montana Law.**

1. *Cal Arnold is a Necessary Party Under the UDJA.*

Montana's Uniform Declaratory Judgments Act mandates that:

> When declaratory relief is sought, ***all persons shall be made parties who have or claim any interest which would be affected by the declaration***, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Section 27-8-301, MCA (emphasis added).

Most courts in jurisdictions that have adopted the Uniform Declaratory Judgments Act have held that the insurer, insured, and third-party claimants are all "interested parties" within the meaning of the UDJA with respect to any declaratory judgment action involving coverage for third-party claims. *See e.g.*, *State Farm Mut. Auto. Ins. Co. v. Sentry Select Ins. Co.*, No. 4:15 CV 149 CDP, 2015 WL 500519, at *2 (E.D. Mo. Feb. 5, 2015) (insured was an interested party in the declaratory judgment action because the insured's "rights would certainly be affected by a declaration of the insurance companies' respective rights and obligations under the insurance agreements.");

9

*Am. Int'l Ins. Co. v. Heltzer*, No. CIV. A. AW-00-3355, 2001 WL 225031, at *2 (D. Md. Feb. 7, 2001) (insureds "are proper parties to be joined to a declaratory judgment action that will determine, as a matter of law, the scope of coverage available under their insurance policy."); *Erie Ins. Group v. Cavalier*, 552 A.2d 705, 707 (Pa. 1989) (insureds are necessary parties in a declaratory judgment action since they are "interested" in obtaining the maximum coverage possible from their insurance company); *Fire Ins. Exch. v. Basten*, 549 N.W.2d 690, 699 (Wis. 1996) (under the UDJA, a third-party claimant was an "interested party" and so required to be joined as a party in a declaratory judgment action between insurer and insured); *Witty v. State Farm Mut. Auto. Ins.*, 854 S.W.2d 836, 840 (Mo. App. 1993) (insured was an "interested party" and thus joinder required for judgment); *Weinhold v. Phoenix Ins. Co.*, No. 18-CV-383-PB, 2018 WL 6575456, at *3 (D.N.H. Dec. 13, 2018) (an insured has an interest in the outcome of a declaratory judgment action regarding the extent of coverage for its tort liability in the underlying action).

Conversely, when a defendant does not have any rights or interest that would be affected by a declaratory judgment action, then such a

defendant is not a necessary party. *Diamond State Ins. Co. v. Hard Times, Inc.*, No. CV 14-62-BU-DWM-JCL, 2014 WL 12591678, at *2 (D. Mont. Oct. 21, 2014) (because the defendant was not insured under the policy at issue and had no legal interest that was covered or affected by the declaratory judgment action, he was not a necessary party to the action).

Defendants Kestrel Leasing and Cal Arnolds, as the insureds, are necessary parties under Montana's UDJA since their interests "would be affected by the declaration" of rights and obligations under the insurance policy, and such declaration has the potential to prejudice their rights should they not be joined. *See* § 27-8-301, MCA. Accordingly, Defendants Kestrel and Cal Arnold are necessary parties under the UDJA and required to be joined by law.

### 2. *Defendants Kestrel Leasing and Cal Arnold are Necessary Parties Within the Meaning of Rule 19.*

When determining whether someone is a necessary party under Montana law, the Montana Rules of Civil Procedure mandate that:

> A person who is subject to service of process must be joined as a party if…that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may…as a practical matter

> impair or impede the person's ability to protect
> the interest.

M.R.Civ.P. 19(a)(1)(B)(i).

The insured has an interest in the determination of an insurance policy's limits, since the insured may be personally liable for any excess amounts due to third-party claimants. *See Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935, 941 (Mont. 2013) ("when an insurer improperly abandons its insured, the insured is justified in taking steps to limit his or her personal liability") (internal citation omitted); *Cascade Farmers Mut. Ins. Co. v. Seriva*, No. DV-13-417A, 2014 WL 8879901, at *4 (Mont. Dist. Aug. 28, 2014) (quoting *Farmers Union Mut Ins. Co. v. Staples*, 90 P.3d 381, 385-86 (Mont. 2004)) ("It is well-settled that an insurer's duty to defend the insured arises when an insured sets forth facts which represent a risk covered by the terms of the insurance policy," and an "insurance company must look to the allegations of a complaint to determine if coverage exists under an insurance policy.") (internal quotations omitted).

Under Montana law, Defendants Kestrel and Cal Arnold are necessary parties under Rule 19(a) because they are both the insured

12

and Cal is the alleged tortfeasor in the underlying aircraft accident. *Greenough v. Safeco Ins. Co. of Illinois*, No. CV-08-74-BU-RFC, 2009 WL 159175, at *4 (D. Mont. Jan. 22, 2009) (defendant insured was necessary for a just adjudication of a third-party claimant's action against the insurance company because the defendant was both the insured and the alleged tortfeasor in the underlying accident, so "it cannot reasonably be argued that [the defendant insured] is merely tangentially related to [the third-party claimant's] claim against [the insurance company].").

## C.   Fraudulent Joinder Law.

Fraudulent joinder is an exception to the complete diversity requirement for federal diversity jurisdiction. However, "[i]n order to prove fraudulent joinder, a defendant must prove that 'the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious, according to the settled rules of the state[.]'" *Soanes v. Carolina Cas. Ins. Co.*, No. CV 10-46-BU-RWA, 2010 WL 5607045, at *2 (D. Mont. Nov. 10, 2010) (quoting *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)). "Fraudulent joinder must be proven by clear and convincing evidence," and the party asserting fraudulent joinder

bears a "heavy burden." *Hochhalter Inc. v. Diamond State Ins. Co.*, No. CV 17-30-BLG-SPW-TJC, 2017 WL 5710461, at *3 (D. Mont. Nov. 8, 2017) (quoting *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). "A joinder is fraudulent only when there exists no reasonable basis in fact and law support a claim against the resident defendants." *Lexington*, 2010 WL 1254657, at *2 (citing *Wilkinson v. Shackleford*, 478 F.3d 957, 964 (8th Cir.2007)).  Any ambiguities in controlling state law are resolved in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *Macey v. Allstate Prop. & Cas.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002). In other words, "[i]f there is doubt about the right to remove, the case should be remanded to state court." *Burnett v. PacificSource Health Plans*, No. CV 19-45-H-SEH, 2019 WL 4016604, at *2 (D. Mont. Aug. 26, 2019) (citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003)).

Here, fraudulent joinder is inapplicable because Cal Arnold is a necessary party under both Montana's Uniform Declaratory Judgments Act and under the Montana Rules of Civil Procedure.

D.   **Under Montana Law, as Interested and Necessary Parties, Defendants Kestrel Leasing and Cal Arnold are Not Fraudulently Joined Defendants; Accordingly, Remand is Required Because Complete Diversity Does Not Exist.**

Many courts in other jurisdictions have held that a party who qualifies as an interested party under the state declaratory judgment act or under the rules of civil procedure is not a fraudulent defendant for purposes of diversity jurisdiction analysis. *See Lexington*, 2010 WL 1254657, at *2 (the insured was properly joined as a defendant in the declaratory judgment action because the insured's rights "would certainly be affected by a declaration of the insurance companies' respective rights and obligations" under the policies.); *Sentry Select*, 2015 WL 500519, at *2 (removal improper because defendant insured was a necessary party to the declaratory judgment action, as the insured was "interest[ed] in the outcome of a declaratory judgment action regarding the terms of the policy."); *Heltzer*, 2001 WL 225031, at *2 (fraudulent joinder not applicable when named insureds were joined to a declaratory judgment action since that action would determine the scope of coverage, and "judicial resolution of this matter prospectively affects the [insureds'] rights and obligations under the policy."); *Allstate Indem. Co. v. Overturf*, No. GJH-14-466, 2015 WL 1279194, at *11 (D.

Md. Mar. 19, 2015) (if the insured was entitled to benefits under the policy, then anyone else who could claim an interest in those benefits was a necessary party under Fed. R. Civ. P. 19(a)).

Montana likewise considers the issue of whether an insured has any further rights or obligations in an action to be determinative of whether joinder of the insured is fraudulent. *See Van Ausdol v. Safeco Insurance Company of America*, No. CV-10-34-BU-RFC-CSO, 2010 WL 11565121, at \*5 (D. Mont. Nov. 3, 2010). In *Van Ausdol*, the plaintiff, who was a third-party claimant, sought a declaration of coverage under the defendant insured's insurance policy in an action against both the insured and the insurer. *Id.* at \*1. The insurer removed the action to federal court, arguing that the insured had been fraudulently joined because the insured and the plaintiff had entered into a stipulated judgment resolving the defendant insured's rights and obligations under the policy. *Id.* at \*2. The Court agreed, holding that because the defendant insured had no further rights or obligations in the matter, the defendant insured was therefore no longer an interested or necessary party to the action against the insurance company, and so removal was proper. *Id.* at \*5; *see also Labertew v. Langemeier*, 846

F.3d 1028, 1034 (9th Cir. 2017) (because third-party claimants covenanted not to execute against defendant insured in exchange for the assignment of defendant insured's rights, defendant insured was no longer an interested party in the subsequent action against insurance company and so removal was proper.).

Here, Plaintiffs claims against Kestrel and Cal have not been resolved. Unlike *Van Ausdol*, they have not entered into any agreement with Defendants Kestrel and Cal Arnold to limit Defendants' liability. Nor have Defendants entered into an agreement assigning any of their rights in the matter. As a result, Defendants Kestrel Leasing and Cal Arnold have a strong interest in the determination of Allianz's financial responsibility pursuant to the insurance policy. This makes Defendants Kestrel Leasing and Cal Arnold necessary parties under both Montana's UDJA and Mont. R. Civ. P. 19(a). *See Van Ausdol*, 2010 WL 11565121, at *5; *accord Ibarra v. Kennedy Funding, Inc.*, No. CIV 13-2371 TUC JGZ, 2014 WL 1878750, at *4 (D. Ariz. May 12, 2014) (defendants who are interested in other parties being "on the hook for the debt" must therefore be joined in the declaratory judgment action to determine liability as a whole).

Furthermore, Plaintiffs are not required to be directly seeking recovery from the insured in a declaratory judgment action in order for fraudulent joinder to be inapplicable. *Johns v. BNSF Ry. Co.*, No. CV-17-78-GF-BMM-JTJ, 2018 WL 1756436, at *1 (D. Mont. Jan. 3, 2018) (quoting 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 at 631 (3d ed. 1998)) (fraudulent joinder is applicable, and removal appropriate, only "'when the plaintiff has not or cannot state a claim for relief' against the non-diverse individual under the applicable state substantive law"). This is because the high bar of fraudulent joinder is met only when "a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action." *Staley v. BNSF Ry. Co.*, No. CV 14-136-BLG-SPW, 2015 WL 860802, *3 (D. Mont. Feb. 27, 2015) (quoting *IDS Prop. Cas. Ins. Co. v. Gambrell*, 913 F. Supp. 2d 748, 752 (D. Ariz. 2012)) (internal quotations omitted).

Plaintiffs possess causes of action against Defendants Kestrel and Cal Arnold relating to Cal Arnold's liability as the pilot in the aircraft accident and Kestrel's ownership of the aircraft—whether or not

Plaintiffs assert those causes of action in the immediate suit. Because they may be required to pay any amounts not covered by the Allianz insurance policy, Defendants Kestrel and Cal Arnold are interested and thus necessary parties to the declaratory judgment action to determine the extent of coverage under Montana law. Therefore, Defendants Kestrel and Cal Arnold are properly joined parties and as a result, diversity jurisdiction does not exist. Accordingly, removal was inappropriate and remand to State Court is required.

## II.   THE COURT SHOULD AWARD COSTS.

Allianz should have concluded that this case was not properly removed or removable. Instead, it removed, putting Plaintiffs to the expense of moving to remand.

28 U.S.C. § 1447(c) provides, in part, that "[a]n order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has explained the standard for such an award:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

19

*Martin v. Franklin Capital Corp.* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005). "The test is whether the relevant case law clearly foreclosed the defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, Slip Op., 2008 WL 614407, 3 (9th Cir. March 7, 2008), *citing Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007).

The Court should award costs here.  As discussed above, the relevant case law clearly foreclosed the basis of removal. Instead of this being a close call or there plausibly being an argument that Defendants Kestrel and Cal Arnold were fraudulently joined, Plaintiffs were required under Montana law to join these defendants to the present action because these defendants are necessary parties

## <u>CONCLUSION</u>

For the reasons described above, Plaintiff respectfully request their motion be granted.

DATED this 7th day of January, 2020.

CRIST, KROGH, ALKE & NORD, PLLC

By:   /s/ ***Ben Alke***
     Ben Alke

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the foregoing document complies with the 6,500 word limit of L.R. 7.1(d)(2)(A), and in reliance of Microsoft Word Count, contains 3,728 words, excluding caption and certificates of service and compliance.

DATED this 7th day of January, 2020.

CRIST, KROGH, ALKE & NORD, PLLC

By:   /s/ *Ben Alke*
       Ben Alke

*Attorneys for Plaintiffs*