James H. Goetz
Robert K. Baldwin
J. Devlan Geddes
Trent M. Gardner
Benjamin J. Alke
Kyle W. Nelson
Jeffrey J. Tierney
Hallie Bishop

**GOETZ, BALDWIN & GEDDES, P. C.**
Attorneys at Law
35 North Grand (zip 59715)
P. O. Box 6580
Bozeman, MT  59771-6580

Telephone
(406) 587-0618
Facsimile
(406) 587-5144

April 3, 2019

**EXHIBIT 1**

**VIA MAIL AND EMAIL**
John Munoz
John.Munoz@us.crawco.com
Crawford Global Technical Services
675 Placentia Ave., Ste. 350
Brea, CA 92821

    *Re:    Lee Arnold; Crawford GTS Claim File: 3368090*

Dear Mr. Munoz:

    I write on behalf of Lee Arnold to request payment for medical expenses that have been incurred.

    Lee is still recovering from the severe injuries he sustained in the plane crash. The extent of those injuries remains unknown. In the meantime, Lee is beginning to receive substantial medical bills and at least one provider has called to demand payment. The bills that have been received are attached to this letter as Exhibit A.

    The Montana Unfair Trade Practices Act requires an insurer to pay the medical expenses of a tort victim as they are incurred when liability is reasonably clear. *Ridley v. Guarantee National Ins. Co.,* 286 Mont. 325, 951 P.3d 987 (1997). Liability is reasonably clear in this matter. There is no question that Lee was a passenger in Cal Arnold's plane when it crashed on January 2, 2019, and the attached medical bills relate to treatment of injuries sustained during the crash.

    Please know that in Montana, regardless of whether an insurer has offed to settle for policy limits, refusal to pay for medical expenses constitutes bad faith when liability is reasonably clear. *See Etter v. Safeco Ins. Co. of Illinois,* 192 F.Supp.2d 1071 (D.Mont. 2002). I mention that because both yourself and Mike Littrell represented to me that Cal's insurer would be willing to pay $100,000[1] to settle. But Lee is not in a position to release any claims he may have because he does not know the full extent of his injuries and has not received bills for all the medical treatment he has received. He does need to pay for the medical expenses that have been (and are still being) incurred.

---

[1] Lee does not concede that $100,000 represents policy limits.

Please also know that in Montana, an insurer is required to pay the full amount of medical expenses that are incurred, regardless of whether a portion of those expenses have been paid by health insurance. *See Winter v. State Farm Mutual Automobile Ins. Co.,* 2014 MT 168, 375 Mont. 351, 328 P.3d 665.

I will send more bills when we have them. In the meantime, please send payment for medical bills attached as Exhibit A.

Regards,

GOETZ, BALDWIN & GEDDES, P.C.

Benjamin J. Alke