# Crist, Krogh & Nord, PLLC

**Attorneys at Law**

| | |
|---|---|
| Benjamin J. Alke | The Securities Building |
| balke@cristlaw.com | 2708 First Avenue North, Suite 300 |
| Telephone (406) 255-0400 | Billings, Montana 59101 |
| Facsimile   (406) 255-0697 | |

August 12, 2019

**EXHIBIT 2**

*VIA FEDERAL EXPRESS*
John Munoz
Crawford Global Technical Services
675 Placentia Ave., Ste. 350
Brea, CA 92821

Re:   Lee Arnold; Crawford GTS Claim File: 3368090

Dear Mr. Munoz:

I represent Lee and Heidi Arnold.

As you know, Lee suffered severe injuries during a plane crash this past January. The crash occurred when a plane piloted by Cal Arnold, insured by Allianz Global Risks US Insurance Company, flew into unmarked power lines. Lee suffered severe head trauma, compound fractures to his legs, and other injuries during the crash. He then spent hours at the crash site in freezing temperatures. By the time Lee arrived at the local hospital, he was hypothermic, hypovolemic and in critical condition. An air ambulance took Lee to Benefis Hospital in Great Falls, Montana, where he underwent numerous surgeries, tests, and procedures over the next several weeks. Lee is still receiving treatment and the full extent of his damages is not yet known.

Heidi Arnold was 16 weeks pregnant at the time of the crash. In addition to the emotional distress and trauma related to the incident, Heidi took extended time off of work in order to care for Lee.

Some photographs of Lee and the plane are attached to this letter as Exhibits A and B. The medical records are too extensive to attach to this letter in hardcopy form so electronic copies are being provided in a disc attached as Exhibit C.

Mr. Arnold is still receiving medical treatment from the accident. At present, the known costs of the medical treatment he has received is approximately **$314,439.05**. Copies of the medical bills in Mr. Arnold's possession are attached as Exhibit D.

Allianz has a duty to advance pay prior to any final settlement when liability is reasonably clear and special damages are not reasonably in dispute. The purpose of this letter is to provide Allianz with all the bills currently in the Arnolds' possession and to request that Allianz fulfill its obligation to advance pay under Montana law.

Mr. Munoz
Crawford Global Technical Services
August 12, 2019
Page 2

My letter of April 3, 2019, already advised Allianz of its duties under the Montana Unfair Trade Practices Act, which requires an insurer to pay the medical expenses of a tort victim as they are incurred when liability is reasonably clear. *Ridley v. Guaranty National Ins. Co.*, 286 Mont. 325, 951 P.3d 987 (1997).  I also explained that an insurer is required to pay the full amount of medical expenses that are incurred, regardless of whether a portion of those expenses have been paid by health insurance. *See Winter v. State Farm Mutual Automobile Ins. Co.*, 2014 MT 168, 375 Mont. 351, 328 P.3d 665.  A copy of *Winter* is attached for your convenience as Exhibit E.

Still, Allianz has refused to pay the actual amount of the medical bills that have been provided up to this point.  That is a violation of the Montana Unfair Trade Practices Act, which requires prompt payment of damages for which an insurer is clearly obligated.  Section 33-18-201, MCA.  It also requires an insurer to pay an injured third party's medical expenses before final settlement when liability is reasonably clear. *Shilhanek v. D-2 Trucking, Inc.*, 2003 MT 122, ¶ 15, 315 Mont. 519, 70 P.3d 721.

Please also know that in Montana, when liability is reasonably clear, an insurer may be required to pay policy limits to a third party without a release of an insured even when special damages are below policy limits, but total damages (including general damages) exceed policy limits.

Allianz's liability is reasonably clear. My clients demand that it fulfill its legal obligations under Montana law and pay all amounts not reasonably in dispute.  Please advise whether it is willing to do so. If my clients do not receive a response by August 31, 2019, they will presume the answer is no and will proceed accordingly.

        Regards,

        Benjamin J. Alke

BJA/ckr
Enclosures