Ben Alke
Haley Ford
CRIST, KROGH, ALKE & NORD, PLLC
2708 1st Avenue North, Suite 300
Billings, MT 59101
Telephone:  (406) 255-0400
Facsimile:  (406) 255-0697
Email:  balke@cristlaw.com
           hford@cristlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE ARNOLD and HEIDI ARNOLD,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, KESTREL LEASING, LLC and CAL ARNOLD,<br><br>Defendants. | Case No. CV 19-061-BU-BMM-KLD<br><br><br>**REPLY IN SUPPORT OF MOTION TO REMAND** |

Plaintiffs Lee Arnold and Heidi Arnold ("Plaintiffs") file this reply in support of their *Motion to Remand* (January 7, 2020) (Doc. 7) ("Motion to Remand").

## INTRODUCTION

This motion concerns the straight-forward application of Montana law. Defendants Cal Arnold ("Cal") and Kestrel Leasing, LLC ("Kestrel") are Montana residents and are insured by Defendant Allianz Insurance Company ("Allianz"). Cal and Kestrel have an interest in the amount of insurance available from Allianz. They are **required** to be parties pursuant to Montana's Uniform Declaratory Judgments Act ("UDJA"). *See* § 27-8-301, MCA. Thus, federal jurisdiction is foreclosed and this matter must be remanded.

Allianz does not attempt to address the UDJA. It avoids any discussion of controlling Montana law and, instead, contends that Cal and Kestrel were fraudulently joined because Plaintiffs have not filed any tort claims against Cal and Kestrel at this time.

Allianz misses the point. Plaintiffs have legitimate claims against Cal and Kestrel for significant damages. Allianz failed to make prompt payment of medical bills as required by Montana law when liability is reasonably clear. *See Ridley v. Guaranty Nat. Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997). Plaintiffs had to file this suit—and join Cal and Kestrel as parties—to obtain payment.

Montana law clearly and unambiguously precludes diversity jurisdiction. The Court should remand and award Plaintiffs the attorney fees and costs associated with removal.

## DISCUSSION

I. ALLIANZ FAILS TO ADDRESS CONTROLLING LAW.

As the party seeking removal, Allianz has the burden of establishing federal jurisdiction. *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988).

### A. Allianz ignores the UDJA which requires joinder of Cal and Kestrel.

Allianz does not address or even acknowledge that Montana law requires the joinder of Cal and Kestrel:

> When declaratory relief is sought, all persons <u>shall</u> be made parties or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

Section 27–8–301, MCA (emphasis added). In other words, a declaratory judgment action has three requirements concerning parties: (1) all individuals who have any interest which would be affected by the declaration must be joined; (2) all individuals who claim any interest must be joined; and (3) any individual whose rights would be prejudiced

3

by a declaration must be joined or else the declaratory judgment action cannot proceed. *Id.*

Cal and Kestrel have interests that would be affected by a Plaintiff's request for declaratory relief.[1] Courts across the country agree that insureds are interested in declarations of coverage. *See generally Motion to Remand*. Allianz does not present a single case holding otherwise. *See generally* Response.

It is well-established a declaratory judgment action may be used to establish the rights of the parties under an insurance policy. *See J&C Moodie Properties, LLC v. Deck*, 2016 MT 301, ¶ 22, 385 Mont. 382, 384 P.3d 466 (quoting *St. Paul Fire & Marine Ins. Co. v. Cumiskey*, 204 Mont. 350, 358, 665 P.2d 223, 227 (1983)) ("In a proper case, an insurer may use [a declaratory action] in order to obtain a determination of the validity, continuance, or coverage of an insurance policy; a determination of the extent of liability; or a determination of the insurer's duties under the policy.").

---

[1] Cal and Kestrel affirmatively state they have an interest in the amount of insurance available under the policy. *See* Doc. 18, p. 3.

By failing to even acknowledge the existence of controlling law under § 27-8-301, MCA, and its requirement that "all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding," Allianz reveals its position is indefensible. Cal and Kestrel were required to be joined by the UDJA. Diversity jurisdiction does not exist.

> B. **Allianz's assertion that Cal and Kestrel were fraudulently joined is unfounded.**

"A party is fraudulently joined and removal permitted when 'the plaintiff has not or cannot state a claim for relief against the non-diverse individual under the applicable state substantive law.'" Response, p. 9 (quoting *Johns v. BNSF Railway Co.*, 2018 WL 1756436 (D. Mont. Jan 3, 2018)).

Allianz must prove "by clear and convincing evidence" that Plaintiffs cannot state any claim for relief against Cal or Kestrel. *See Van Ausdol v. Safeco Ins. Co. of Am.*, 2010 WL 11565121, at *4 (D. Mont. Nov. 3, 2010) (quoting *Hamilton Materials, Inc. v. Down Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)) ("'[T]here is a general presumption against fraudulent joinder,' and the party

5

asserting fraudulent joinder bears the burden of proving it 'by clear and convincing evidence.'"); *see also Banks v. Roe*, 2017 WL 4155427, at \*2 (D. Mont. Sept. 19, 2017) (quoting *Chicago, R.I. & P. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193–94 (1913)) ("In the Ninth Circuit, joinder is fraudulent when a plaintiff names a 'sham defendant;' one against whom no cause of action can be stated."); *Wilson v. Rep. Iron & Steel Co.*, 257 U.S. 92, 97 (1921) ("fraudulent joinder occurs when a defendant has 'no real connection with the controversy'")); *Van Ausdol*, 2010 WL 11565121, at \*4 (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003))) (The "Ninth Circuit has explained that there are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.").

Plaintiffs stated a legitimate claim for declaratory relief against Cal and Kestrel. *See* Doc. 1-2. Montana statutory authority required Cal and Kestrel to be joined in this action since their interest would be affected by the declaration sought by Plaintiffs. The failure to include them as parties would prejudice their rights. Thus, since they were

6

required to be joined under Montana law and since Plaintiffs have stated a claim against them (and have the ability to state additional claims, should they choose), fraudulent joinder is wholly inapplicable. This is not a close call.

## II.   ALLIANZ'S OTHER ARGUMENTS ARE MISPLACED.

### A.   Justiciability is not at issue.

The elements for justiciability are easily met here. The elements are:

> 1) the parties must have "existing and genuine" rights or interests, "as distinguished from theoretical" rights or interests;
>
> 2) the controversy must be one upon which the judgment of the court would effectively operate, "as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion[;]" and
>
> 3) the controversy "must be [one] the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them."

Response, p. 4 (quoting *Miller v. State Farm Mutual Auto Insurance Co.*, 2007 MT 85, ¶ 8, 337 Mont. 67, 155 P.3d 1278).

7

First, Cal and Kestrel have existing and genuine rights or interests in the declaration of their insurance policy's limits. Cal and Kestrel *__are the insureds under Allianz's policy__*. Of course they have a rights and interests that would be adjudicated in a declaratory judgment action seeking a determination of the extent of coverage under their policy. For example, if there is $1,000,000 of coverage, their liability to Plaintiffs is reduced.

Second, the court can resolve the controversy at hand. It is well-settled that a declaratory judgment action seeking a declaration of coverage is "one upon which the judgment of the court would effectively operate." See *Cumiskey*, 204 Mont. at 358, 665 P.2d at 227 (declaratory judgment action appropriate to determine extent of coverage under an insurance policy, the extent of liability, and the extent of insurer's duties, among others).

Third, and finally, a declaratory judgment action will necessarily have "the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest." That is the entire purpose of a declaratory judgment action: to have a judicial determination of a matter in dispute. *See* § 27-8-102,

MCA (the purpose of the Declaratory Judgment Act is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations…"); see also § 27-8-202, MCA.

This case clearly presents a justiciable controversy.

### B. M.R.Civ.P. Rule 19 applies and Allianz's claim that res judicata would bar Cal and Kestrel from future claims conclusively demonstrates this fact.

For these same reasons, Rule 19 of Montana Rules of Civil Procedure applies and requires joinder of Cal and Kestrel. As stated by Allianz, Rule 19 requires joinder when:

(A) in that Kestrel's or Cal's absence, the court cannot accord complete relief among existing parties; or

(B) Kestrel or Cal claims an interest relating to the subject of the action and is so situated that disposing of the action in their absence may:

(i) as a practical matter impair or impede their ability to protect the interest; or

(ii) leave Plaintiffs or Allianz subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Response, pp. 10-11 (citing Mont. R. Civ. P. 19).

Declaratory judgment actions are premised upon the requirement that all interested parties be joined in the action and that any

9

resolution must not prejudice the rights of any individual not joined. Section 27-8-301, MCA. Thus, complete relief in a declaratory judgment action *requires* the inclusion of anyone who has an interest that may be affected by the declaration and anyone whose rights may be prejudiced upon a resolution to which they were not a party. For the reasons explained above, Cal and Kestrel were required to be joined, and under Rule 19(a), "the court cannot afford complete relief amongst the parties" in their absence. Response, p. 10 (citing M.R.Civ.P. 19(a)).

That is not the only prong of Rule 19 that is satisfied under the present circumstances. Existing law demonstrates that Cal and Kestrel have an interest in the outcome of this action such that "their absence may[,] as a practical matter impair or impede their ability to protect the interest." Response, p. 11 (citing M.R.Civ.P. 19(b)(i)); *see High Country Paving, Inc. v. United Fire & Casualty Co.*, 2019 WL 2058727, at *1 (D. Mont. May 9, 2019) (quoting *Watters v. Guar. Nat'l Ins. Co.*, 300 Mont. 91, 3 P.3d 626, 635-36 (Mont. 2000)) (discussing the "tension" created for an insurer by competing duties it owes to its insured and to third-party claimants, noting this phenomenon as the "carrier's dilemma.").

Most shockingly, Allianz asserts that "[t]here is no interest of Kestrel or Cal's to protect"[2] in this matter, only to then state that "**any claim Kestrel or Cal may make adverse to Allianz in another proceeding would likely be barred by res judicata due to this action and their opportunity to assert claims against Allianz here**." Response, p. 11 (emphasis added). This admission that res judicata would likely apply to bar any subsequent claim by Cal or Kestrel is exactly why § 27-8-301, MCA, and M.R.Civ.P. 19 exist in the first place: So that any individual who has an interest that might be affected is joined in an action in order to conclusively settle all rights involved at once. It is surprising that Allianz would make this statement and yet, and the same time, argue that Cal and Kestrel have no interest that would be affected by this declaratory judgment action. Such contradictory positions are unsustainable. Allianz has essentially conceded that Rule 19 applies and requires joinder of Cal and Kestrel since their rights may be prejudiced.

---

[2] Allianz rested its argument in part on the fact that Cal and Kestrel had not yet submitted an Answer to this action. Response, p. 11. Although not necessary for Plaintiffs' argument, Plaintiffs note that Cal and Kestrel have each now submitted an Answer to this action on February 12, 2020.

### C. Insureds can pursue declaratory judgment actions against their insurers.

Insureds can seek declaratory relief declaratory relief against their insurers regarding coverage. *See e.g.*, *Lindsay Drilling & Contracting v. U.S. Fid. & Guar. Co.*, 208 Mont. 91, 94, 676 P.2d 203, 205 (1984) (insured properly brought declaratory judgment action against insurer seeking declaration of the insurer's duty to defend); *see also Skinner v. Allstate Ins. Co.*, 2005 MT 323, 329 Mont. 511, 127 P.3d 359.

Allianz's argument that insureds are barred from seeking declaratory relief under the UTPA has nothing to do with this case. Cal and Kestrel could seek declaratory relief regarding the amount of insurance available under the policy, as Plaintiffs have requested.

Moreover, Cal and Kestrel are not seeking any manner of relief from Allianz under the UTPA at this time—Plaintiffs are. Allianz's argument is simply not relevant to the matter at hand.

### III. THE COURT SHOULD AWARD ATTORNEY FEES AND COSTS.

Attorney fees should be awarded here. Allianz delayed the ultimate resolution of this case by removing, thus costing Plaintiffs additional time and expense. There was no reasonable basis for removal

as described above, and Allianz fails to demonstrate any real effort to meet its burden to prove that removal was proper. *See Lussier v. Dollar Tree Stores, Inc.*, 2008 WL 614407, at *3 (9th Cir. March 7, 2008) (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789 (7th Cir. 2007)) ("The test is whether the relevant case law clearly foreclosed the defendant's basis of removal."); *see* also *Martin v. Franklin Capital Corp.* 546 U.S. 132, 141, 126 S.Ct. 704, 711 (2005) (citing 28 U.S.C. § 1447(c)) ([T]he standard for awarding fees should turn on the reasonableness of the removal…courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). Accordingly, Plaintiffs request that the Court award attorney fees as relevant law clearly foreclosed Defendants' basis for removal.

## CONCLUSION

For the reasons described above, Plaintiff respectfully request their motion to remand be granted and that the Court award them associated attorney fees.

DATED this 14th day of February, 2020.

                CRIST, KROGH, ALKE & NORD, PLLC


      By: /s/ *Ben Alke*
           Ben Alke
           Haley Ford

           *Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1(d)(2)(E), the undersigned certifies that the foregoing document complies with the 3,250 word limit of L.R. 7.1(d)(2)(B), and in reliance of Microsoft Word Count, contains 2390 words, excluding caption and certificates of service and compliance.

DATED this 14th day of February, 2020.

                CRIST, KROGH, ALKE & NORD, PLLC


By: /s/ *Ben Alke*
     Ben Alke
     Haley Ford

*Attorneys for Plaintiffs*