IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE ARNOLD and HEIDI ARNOLD,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, KESTREL LEASING, LLC, and CAL ARNOLD,<br><br>Defendants. | CV 19–61–BU–BMM–KLD<br><br><br><br>**FINDINGS AND RECOMMENDATION** |

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 7.) For the reasons stated below, the Court recommends the motion be granted and this case be remanded to the Montana Eighteenth Judicial District Court, Gallatin County.

I. **Background**

On October 31, 2019, Plaintiffs Lee Arnold and Heidi Arnold filed a Complaint in state court alleging violation of the Montana Unfair Trade Practices Act against Allianz Global Risks US Insurance Company ("Allianz"), and seeking declaratory judgment against Allianz, Kestrel Leasing, LLC ("Kestrel"), and Cal Arnold. (Doc. 6.) On December 8, 2019, Allianz removed the action to federal

1

court under 28 U.S.C. § 1332 on the grounds that complete diversity exists and the amount in controversy exceeds $75,000.00.

This case arises from a small airplane crash that occurred on January 2, 2019 near Townsend, Montana. (Doc. 6 at 1.) Brothers Cal Arnold and Lee Arnold were the only two occupants of the plane. Cal piloted the plane, which he owned through Kestrel. Allianz insured Cal and Kestrel at the time of the crash.

Cal and Lee survived the crash but suffered severe injuries. Lee has already incurred over $300,000 in medical expenses due to his injuries. (Doc. 6 at 1.) As a third-party claimant, Lee tendered his medical bills to Allianz. However, Lee claims Allianz has paid less than $15,000 for his medical expenses. Lee argues liability in this case is reasonably clear, and Allianz's failure to promptly and fairly settle his claims is a violation of Montana law. Lee requests declaratory judgment against all parties and an award of compensatory and punitive damages against Allianz.

Plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447(d) is based on lack of diversity.[1] Plaintiffs are Montana residents and Defendant Kestrel is a Montana limited liability company. Cal is also a Montana resident and Allianz is a California corporation with its principal place of business located in Illinois. (Doc.

---

[1] Plaintiffs do not dispute that the amount in controversy exceeds $75,000. (Doc. 8.)

1 at 4.) Allianz, however, removed this case to federal court on the grounds that complete diversity exists. (Doc. 1.) Although the parties agree on each litigant's residency, Allianz argues Plaintiffs fraudulently joined Kestrel and Cal as defendants to defeat diversity jurisdiction. (Doc. 1.)

II. Discussion

A. Legal standards

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. Pursuant to 28 U.S.C. § 1332, Congress "has granted district courts original jurisdiction in civil actions between citizens of different States" where the amount in controversy exceeds $75,000.00. *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 552 (2005). Complete diversity of citizenship is required. "In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon*, 545 U.S. at 553.

Fraudulent joinder is an exception to the complete diversity requirement. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The court may ignore a fraudulently joined defendant in considering whether diversity jurisdiction has been established. *Morris*, 236 F.3d at 1067. However, "there is a

general presumption against fraudulent joinder[.]" *Hamilton Materials, Inc. v. Dow Chemical Corp.* 494 F.3d 1203, 1206 (9th Cir. 2007). The defendant must demonstrate fraudulent joinder by clear and convincing evidence. *Hamilton*, 494 F.3d at 1206. The presumption against fraudulent joinder applies in addition to the presumption against removal. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("any doubt about the right of removal requires resolution in favor of remand."). The removing defendant asserting fraudulent joinder must therefore overcome both presumptions.

    **B.    Cal and Kestrel were not fraudulently joined**

Allianz alleges the parties are completely diverse and removal is proper because its principal place of business is in Illinois, Plaintiffs are citizens of Montana, and the amount in controversy exceeds $75,000. (Doc. 1 at 3.) Allianz acknowledges that Cal and Kestrel facially defeat complete diversity since they are also Montana residents. Nevertheless, Allianz urges the Court to ignore Cal and Kestrel because they were fraudulently joined. (Doc. 1 at 5.) For the following reasons, the Court finds Cal and Kestrel are not fraudulent defendants.

Courts consider a defendant to be fraudulently joined when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067 (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

Because there is a presumption against fraudulent joinder, the "defendant opposing remand must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant[.]" *Rivas v. Target Corp.*, 2019 WL 3237375, *2 (C.D. Cal. Jul. 18 2019) (quoting *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009)). Any doubt as to whether the plaintiff has stated a claim against the resident defendant "is ordinarily resolved in favor of the retention of the cause in the state court." *Staley v. BNSF Ry. Co.*, 2015 WL860802, *2 (D. Mont. Feb. 27, 2015) (quoting *Albi v. Street & Smith Publications*, 140 F.2d 310, 312 (9th Cir. 1944)).

Allianz has not met its burden of showing that Plaintiffs cannot state a claim against Cal and Kestrel. Allianz argues there is no justiciable controversy as to Cal or Kestrel and therefore Plaintiffs' declaratory judgment claim fails. (Doc. 12 at 3.) In support of its argument, Allianz contends there are no genuine rights or interests alleged in the complaint to adjudicate which involve Cal or Kestrel. However, Cal and Kestrel are Allianz's insureds and therefore clearly have genuine interests and rights in the declaration of their insurance policy's limits. *St. Paul Fire & Marine Ins. Co. v. Cumiskey*, 665 P.2d 223, 227 (Mont. 1983) (declaratory action may be used to determine "the validity, continuance, or coverage of an insurance policy; a determination of the extent of liability; or a determination of the insurer's duties under the policy."). Declaratory judgment would settle the obligations of Allianz

and therefore provide "final judgment [to] one or more of the real parties in interest[.]" *Marshall v. Safeco Ins. Co. of Ill.*, 413 P.3d 828, ¶ 10 (Mont. 2018) (discussing the test for determining whether a justiciable controversy exists).

Additionally, Montana law requires the joinder of parties whose interests would be affected by declaratory relief. Mont. Code Ann. § 27-8-301 ("When declaratory relief is sought, all persons shall be made parties who have or claim any interest in the declaration[.]"). Cal and Kestrel are insureds under Allianz's policy and their liability to Plaintiffs has not been resolved. They have an interest in the determination of Allianz's obligations under the policy because they may be personally liable for any excess amounts due to Plaintiffs. *Draggin' Y Cattle Co., Inc. v. Junkermier, Clark, Campanella, Stevens, P.C.*, 439 P.3d 935, ¶ 22 (Mont. 2019) ("when an insurer improperly abandons its insured, the insured is justified in taking steps to limit his or her personal liability.") (quoting *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, at ¶ 34 (Mont. 2013)). The extent of Cal and Kestrel's liability to Plaintiffs is therefore directly tied to the claims in this action. *See also*, *Diamond State Ins. Co. v. Hard Times, Inc.*, 2014 WL 12591678, *2 (D. Mont. Oct. 21, 2014) (the fact that defendant was *not* an insured and had *no legal interest covered by the policy* indicated he was not a necessary party under Mont. Code Ann. § 27-8-301) (emphasis added).

Finally, Cal and Kestrel are also proper parties under Montana Rule of Civil Procedure 19. Pursuant to Rule 19, a person who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may. . . impair or impede the person's ability to protect the interest" must be joined as a party to the action. M.R.Civ.P. 19(a)(1)(B)(i). "A court's decision as to whether a non-party must be included in a matter depends on the facts and circumstances of the particular case[.] *Williams v. Bd. of Cty. Com'rs of Missoula Cty.*, 308 P.3d 88, ¶ 29 (Mont. 2013). The facts and circumstances of this case support finding Cal and Kestrel were properly joined as defendants.

As discussed, Mont. Code Ann. § 27-8-301 requires Cal and Kestrel to be joined in this action as necessary parties. Additionally, in *Geenough v. Safeco Ins. Co.*, 2009 WL 159175, * 4 (D. Mont. Jan. 22, 2009) the court found a defendant to be properly joined under similar circumstances. There, the joined defendant was a necessary party in third-party claimant's action against Safeco because the defendant was Safeco's insured and the alleged tortfeasor in the underlying action. *Greenough*, 2009 WL 159175, * 3-4. Here, Cal and Kestrel are Allianz's insureds and, as the pilot and aircraft owner, the allegedly liable parties.

For the foregoing reasons, Allianz's argument that Plaintiffs joinder is fraudulent because there is no justiciable controversy as to Cal and Kestrel is unavailing. As discussed, Plaintiffs can state a claim for declaratory relief against

Cal and Kestrel and are required by Montana law to join them as interested parties to this action. Accordingly, Allianz has not met its burden to show by clear and convincing evidence that Cal and Kestrel were fraudulently joined. This Court is therefore without diversity jurisdiction over this matter, and the case must be remanded to state court.

### C. Costs

Plaintiffs request the Court award them costs associated with Allianz's removal. "An order remanding the case may require payment of just costs . . . incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of costs is required "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court recommends that Plaintiffs not be awarded costs in this matter. Allianz supported its arguments with persuasive authority and Cal and Kestrel had not yet filed their answer at the time of removal, leading Allianz to suspect fraudulent joinder. (Doc. 16.) Although remand is appropriate, the Court does not find the removal was objectively unreasonable.

## III. Conclusion

For the reasons explained above, the Court concludes that it is without subject matter jurisdiction to adjudicate this matter. Accordingly,

IT IS RECOMMENDED that Plaintiffs' motion to remand be GRANTED and Plaintiffs' request for costs be DENIED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 12th day of March, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge